# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 16-1654V
Filed: November 9, 2018
UNPUBLISHED

| | |
|---|---|
| KERRI HALL,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Joseph Alexander Vuckovich*, Maglio Christopher & Toale, PA, Washington, DC, for petitioner.
*Sarah Christina Duncan*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

　　On December 15, 2016, Kerri Hall ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act" or "Program"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") casually related to the influenza vaccination she received on December 1, 2014. Petition at 1, ¶¶ 1, 5. On September 20, 2017, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer. ECF No. 27.

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On March 7, 2018, petitioner filed an unopposed motion for attorneys' fees and costs. ECF No. 34.[3] Petitioner requests attorneys' fees in the amount of $20,108.70 and attorneys' costs in the amount of $650.39. *Id.* at 1. Petitioner also requests attorneys' costs from Bailey & Oliver Law Firm, in the amount of $94.90. In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. *Id.* at 2. Thus, the total amount requested is $20,853.99.

Respondent has filed no response.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

### I. Legal Standard

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engaged in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley,* 461 U.S. at 434.

---

[3] The motion was filed as an unopposed motion and specifically states that respondent has no objection to petitioner's request. ECF No. 34 at 2.

2

**II. Attorneys' Fees**

    A. Joseph Vuckovich

Petitioner requests compensation for Joseph A. Vuckovich at a rate of $305 for 2016, $313.00 for 2017 and $323.00 for 2018. ECF No. 34-2 at 11. The undersigned finds it necessary to reduce the requested rates due to Mr. Vuckovich's limited experience in the Vaccine Program. Considering Mr. Vuckovich's skill, experience, quality of work, reputation and the undersigned's experience evaluating fee applications in Vaccine Act cases, the undersigned finds that the following rates are appropriate for Mr. Vuckovich: rates of $275 for work performed in 2016, $290 for work performed in 2017 and $300 for work performed in 2018.[4] This results in a **reduction of fees requested in the amount of $1,239.80**.[5]

    B. Danielle Strait

Attorney Danielle Strait billed 0.30 hours in 2016 at a rate of $306 per hour. (ECF No. 34-2 at 5.) The undersigned shall reduce Ms. Strait's hourly rate to the previously awarded rate of $300 for 2016. *See Schultheis v. Sec'y of Health & Human Servs.*, No. 13-0781V, 2017 U.S. Claims LEXIS 759, at *5 (Fed. Cl. Spec. Mstr. June 5, 2017) (setting Ms. Strait's rate for 2016). This results in a **reduction of fees in the amount of $1.80**.

    C. Administrative Time

Upon review of the billing records submitted, it appears that a number of entries are for tasks considered clerical or administrative. It is clearly established that secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014). "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). A total of 3.8 hours[6] was billed by the paralegals on tasks considered

---

[4] The undersigned addressed Mr. Vuckovich's rates for work performed from 2016 – 2018 and found the awarded rates were appropriate. *Shawgo v. Sec'y of Health & Human Servs.*, No. 17-0306 at *7 (Fed. Cl. Spec. Mstr. Oct. 10, 2018).

[5] This amount consist of ($305 - $275 x 19.40 hrs = $582) + ($313 - $290 x 23 = $529) + ($323 - $300 x 5.6 hrs = $128.80) = $1,239.80.

[6] Examples of these entries include: January 21, 2016 (1.0 hrs) "Open file and set up same", March 15, 2016 (0.20 hrs) "Organize client file", April 4, 2016 (0.10 hrs) "Add note to file regarding the executed retainer agreement", July 6, 2017 (0.20hrs) "Review case status. Organize and update case notes", September 19, 2017 (0.20hrs) "Receive correspondence from attorney regarding settlement status and

administrative including, opening and setting up client files, organizing client file, updating notes and sending correspondence. For these reasons the request for attorney's fees will be **reduced in the amount of $467.00**.[7]

### D. Duplicate Entry

The undersigned also notes that there is a duplicate billing entry dated July 11, 2017. This entry is for 0.20 hour and is listed as "Receive scheduling order and save to file. Forward to attorney and update file." ECF No. 34-2 at 7. The undersigned **reduces the request for attorney's fees by $29.00**, the amount of the duplicated entry.

### III. Attorneys' Costs

Petitioner requests reimbursement for costs incurred from Maglio Christopher & Toale in the amount of $650.39. ECF No. 34 at 1. In addition, petitioner requests reimbursement for attorney costs for the law firm of Bailey & Oliver Law Firm in the amount of $94.90. *Id.* at 2. After reviewing petitioner's invoices, the undersigned finds no cause to reduce petitioner's' request and awards the full amount of attorney costs sought.

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of petitioner's request and the lack of opposition from respondent, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees in the reduced amounts and costs.

**Accordingly, the undersigned awards the total of $19,116.39[8] as follows:**

- **A lump sum of $19,021.49, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Joseph Alexander Vuckovich; and**

---

update case notes" and November 1, 2017 (0.20 hrs) "Review and send to client, the cover letter, entitlement check and judgment." These entries are merely example and are not exhaustive.

[7] This amount consists of 2.10 hours at $105 per hour and 1.70 hours at $145 per hour.

[8] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

- **A lump sum of $94.90, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and Bailey & Oliver Law Firm.**

- **Petitioner requests checks be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota, Florida 34236.**

The clerk of the court shall enter judgment in accordance herewith.[9]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[9] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.